UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MARGARET GRAHAM, | ) | Civil Action No.: 4:04-23361-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| OFFICE DEPOT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.      INTRODUCTION**

This is an employment discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  Presently before the Court is Defendant's Motion to Dismiss pursuant to Rules 4(m), 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure.

**II.     FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed her Complaint on December 21, 2004.  On November 17, 2005, the undersigned issued an Order (Document # 3) noting that an affidavit or certificate of service had not been filed in the case and directing Plaintiff to provide the Court with an affidavit or certificate of service within five days or the case would be dismissed pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Plaintiff failed to file an affidavit or certificate of service within five days from the date of the Order.

On September 5, 2006, Plaintiff attempted to meet with her attorney, Thurmond Brooker, Esq., but he failed to show up for the meeting.  Plaintiff Aff. at 10-11.  On September 6, 2006, Plaintiff spoke with Mr. Brooker and he informed her that he had not served the Summons and Complaint.  Id. at 12.  Plaintiff requested her file from him so that she could seek the services of

another attorney but eventually had to meet with another attorney without her file. Id. at 17-22. On September 26, 2006, Plaintiff met with another attorney, Bonnie Travaglio Hunt, Esq. Id. at 25. Plaintiff retained the services of Ms. Hunt on October 12, 2006. Id. at 26.

On October 13, 2006, Ms. Hunt requested a new Summons from the Court, which she received on October 26, 2006. Hunt Aff. at 5-6. Ms. Hunt attempted service via certified mail on Defendant's registered agent on October 27, 2006. Id. at 6. However, the Summons and Complaint were returned to Ms. Hunt's office on November 6, 2006. Id. at 8. Therefore, Ms. Hunt served the Secretary of State's office on November 9, 2006, which, in turn, served Defendant on November 13, 2006. Id. at 9-10. Defendant filed its Motion to Dismiss on December 4, 2006.

## III.    DISCUSSION

Rule 4(m), Fed.R.Civ.P., provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Defendant asserts that Plaintiff's case should be dismissed pursuant to Rule 4(m) because the Complaint was not served until almost two years after it was filed. Defendant also asserts that it would be prejudiced if Plaintiff's suit is not dismissed because the events alleged in Plaintiff's Complaint occurred in 2004.

Plaintiff argues that the principle of equitable tolling should apply to allow her to serve her Complaint outside the time limit provided in Rule 4(m). However, equitable tolling is applicable only when the party seeking relief has no other "adequate legal or statutory remedy to avoid the

consequences of the statute of limitations." Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995) (citing Justice v. United States, 6 F.3d 1474, 1480 (11th Cir.1993); see also Tudor Dev. Group, Inc. v. U.S. Fidelity & Guar. Co., 968 F.2d 357, 364 (3rd Cir.1992)). Rule 4(m) provides an adequate remedy because it "allows the tardy plaintiff to escape the harsh consequences of dismissal if he shows 'good cause' for this delay." Id. Therefore, the doctrine of equitable tolling is inapplicable,[1] and Plaintiff must establish "good cause" for her failure to comply with the 120-day time limitation for service.

The language of Rule 4(m) has been read by the Fourth Circuit to require that a plaintiff request an extension of time for service if she has failed to serve the Complaint within 120 days after filing. In Mendez v. Elliot, 45 F.3d 75 (4th Cir. 1995), the Fourth Circuit upheld the district court's dismissal for the plaintiff's failure to obtain an extension of time to serve the defendant pursuant to Rule 6(b), Fed.R.Civ.P., and his failure to demonstrate good cause for the delay in service. Likewise, in Clark v. E.I. Dupont de Nemours & Co., No. 95-2607, 1996 WL 283321 (4th Cir. May 30, 1996), the Fourth Circuit upheld the district court's dismissal where the plaintiff "failed to establish either good cause for her failure to comply with 4(m) or excusable neglect entitling her to an extension under Rule 6(b)."[2]

---

[1] The "good cause" provision of Rule 4(m) "essentially duplicates the equitable remedy provided by equitable tolling." Lambert, 44 F.2d at 299.

[2] Rule 6(b)(2) provides that, after the expiration of a deadline, the court may extend the deadline where the failure to act within the deadline was the result of excusable neglect. "'Excusable neglect' is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir.1996). In determining whether a party has shown excusable neglect, a court will consider: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Id. at 533. "Merely establishing 'excusable neglect' does not entitle one to relief from the filing deadline; even upon a showing of

"Good cause" under rule 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified' is normally required." Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir.1985) (quoting 4A Wright & Miller Federal Practice and Procedure: Civil § 1165 at 480).

It is important to note that Plaintiff did not request an enlargement of time to serve Defendant. She simply served the Summons and Complaint outside the time provided in Rule 4(m) without leave from the Court to do so. Nevertheless, in response to Defendant's Motion to Dismiss, Plaintiff argues that her case should not be dismissed because she was not aware of Mr. Brooker's failure to pursue her case. Once she became aware, she sought information and assistance from a new attorney. Essentially, Plaintiff argues that it was through no fault of her own that the Complaint was not filed within the time period provided in Rule 4(m). However, it is well-settled that parties are accountable for the mistakes of their attorneys. In Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 396-97 (1993), the Supreme Court specifically observed that it was appropriate to hold a client accountable for the mistakes of counsel. Id. at 392. As explained by the Supreme Court in Link v. Wabash Railroad Co., 370 U.S. 626, 634 (1962), "[t]here is certainly no

---

'excusable neglect,' whether to grant an enlargement of time still remains committed to the discretion of the district court." Id. at 532 n. 2. Plaintiff fails to present circumstances amounting to excusable neglect. The danger of prejudice resulting from the delay as well as the length of the delay–nearly two years–undermines any claim of excusable neglect. Also, although there is no indication of bad faith, the reason for such a long delay is not justified. Although she may have been diligent after September 2006, she was not for the twenty months prior to that time.

merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposed an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."

Furthermore, in light of the length of the delay of service–almost two years–Defendant likely will be prejudiced if it has to defend this case because witnesses will be difficult to find and relevant documents will be difficult to obtain. "[K]eeping [a] suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." Link, 370 U.S. at 634 n.10. Additionally, approximately twenty months expired between the filing of the Complaint and September 2006, when Plaintiff exercised some diligence in having the Summons and Complaint served.

Thus, Plaintiff fails to establish good cause for her failure to serve Defendant within the applicable time period. Therefore, dismissal is appropriate pursuant to Rule 4(m), Fed.R.Civ.P.

**IV.    CONCLUSION**

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss (Document # 6) be granted and this case be dismissed without prejudice.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 25, 2007
Florence, South Carolina