IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Margaret Graham, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.:4:04-23361-TLW-TER |
| ) | |
| Office Depot, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

# ORDER

On December 21, 2004, the plaintiff, Margaret Graham, ("plaintiff") filed this employment case. (Doc. #1). However, the plaintiff failed to serve the defendant within 120 days, as required by Federal Rule of Civil Procedure 4(m). The plaintiff missed the one-hundred and twenty (120) day time frame by more than six-hundred (600) days and did not serve her complaint until seven-hundred and thirteen (713) days after it was filed. In an Order filed November 17, 2005, the magistrate judge gave the plaintiff an additional five (5) days to provide the Court with the affidavit or certificate of service. (Doc. #3). There was no response to this order. Not until September 6, 2006, did the plaintiff inquire about the status of her case with the Clerk of Court. As well, in her submitted affidavit, the plaintiff gives no indication that she had contact with her attorney from November 21, 2004, until September 5, 2006, about her case, a time period of more than twenty (20) months. (Doc. #8). The plaintiff hired new counsel in September 2006, and served the defendant on November 13, 2006. (Doc. #8). The defendant, Office Depot, Inc., ("defendant") filed a motion to dismiss on December 4, 2006, pursuant to Rules 4(m), 12(b)(2), and 12(b)(5) of the Federal Rules of Civil

1

Procedure. (Doc. #6). The plaintiff filed a response on December 26, 2006, (Doc. #8) to which the defendant replied (Doc. #9). The case was automatically referred to Magistrate Judge Thomas E. Rogers, III, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Rogers, to whom this case had previously been assigned. (Doc. #11). In the Report, Magistrate Judge Rogers recommends that "Defendant's Motion to Dismiss (Doc. #6) be granted and this case dismissed without prejudice." (Doc. #11). On May 11, 2007, the plaintiff filed objections to the Report. (Doc. #12). On May 16, 2007, the defendant responded to plaintiffs objections. (Doc. #13).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report.

The Court has considered the memorandum provided by counsel and the relevant case law regarding the Federal Rule of Civil Procedure 4(m). In so doing, the Court has considered <u>Mendez v. Elliot</u>, 45 F.3d 75 (4th Cir.1995). According to <u>Mendez</u>, the Fourth Circuit Court of Appeals has

interpreted Fed. R. Civ. P. 4(m) strictly, such that a plaintiff must show "good cause" for the failure to serve the defendant within one-hundred and twenty (120) days, in order for the District Court to have authority to extend the time for service. Absent a showing of "good cause," the "complaint shall be dismissed." In this case, the plaintiff asserts "good cause." (Doc. #8). Plaintiff asserts that her attorney failed to serve the defendant. However, as stated, the facts reveal that the plaintiff missed the one-hundred and twenty (120) day time frame by more than six-hundred (600) days and did not serve her complaint until seven- hundred and thirteen (713) days after it was filed. The plaintiff has provided no case law that provides persuasive support for her position. No case law has been provided that allows a case to proceed when a period of seven-hundred and thirteen (713) days elapsed between filing of the complaint and service on a defendant. The Fourth Circuit held, in Clark v. E.I. Dupont de Nemours & Co., No. 95-2607, 1996 WL 283321 (4th Cir. May 30, 1996), that serving a complaint one-hundred and fifty (150) days late does not establish good cause under rule 4(m) or excusable neglect under Rule 6 (b). As the policy behind the rule is to "encourage prompt movement of civil actions in the federal courts," the Court finds that allowing this case to proceed could defeat the principle of the rule. Quann v. Whitegate-Edgewater, 112 F.R.D. 649, 662 (D. Md.1986) citing 1982 U.S. Code Cong. & Ad. News at 4442. Additionally, "inadvertence or neglect of counsel to file in timely fashion will not suffice" to show good cause. Braithwaite v. Johns Hopkins Hospital, 160 F.R.D. 75, 77 (D.Md., 1995) citing Quann v. Whitegate-Edgewater, 112 F.R.D. 649, 662 (D. Md.1986); Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir.1985). This Court takes no solace in dismissal of this action. However, this Court is required to follow and is constrained by the precedent of this Circuit in place at this time, and by the lack of diligence of the plaintiff and her initial counsel. However, the plaintiff, if she chooses, may decide to pursue persuading the

Fourth Circuit to review its holding in <u>Mendez</u> and other related cases and seek moderation of the current "good cause" or "excusable neglect" standards. Additionally, the facts asserted as to attorney neglect may, if substantiated, leave a remedy available for the plaintiff to pursue her claims raised in this action.

After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #11). Therefore, for the reasons articulated, it is **ORDERED** that the defendant's motion to dismiss is **GRANTED.** (Doc. #6).

**IT IS SO ORDERED**.

       s/Terry L. Wooten

       Terry L. Wooten
       United States District Judge

September 28, 2007
Florence, South Carolina